IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Curtis L. King, ) | C/A No. 0:15-2358-RBH-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Official McPherson, *Lee Corr Inst*; Sgt. ) | **REPORT AND RECOMMENDATION** |
| Boatwright, *Lee Corr Inst*; DHO Patterson, *Lee* ) | |
| *Corr Inst*; Warden Reynolds, *Lee Corr Inst*; ) | |
| Shake Down Team *at Lee Corr* ) | |
| *Inst/Turbeville*; Capt. Pack, *Turbeville Corr* ) | |
| *Inst*; Lt. Shannon, *Turbeville Corr Inst*; Officer ) | |
| McElveen, *Turbeville Corr Inst*; Officer ) | |
| Barnes, *Turbeville Corr Inst*; DHO Brown, ) | |
| *Turbeville Corr Inst*; Lt. Siebel, *Broad River* ) | |
| *Corr Inst*; Capt. Washington, *Broad River* ) | |
| *Corr Inst*; W. Christopher Swett, *appointed* ) | |
| *counsel*; Sgt. Carlton Ashe; Sgt. Debra ) | |
| McFadden, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Curtis L. King, a self-represented state prisoner, brings this civil rights action alleging a violation of his constitutional rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Plaintiff is an inmate at Evans Correctional Institution and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Amended Complaint in accordance with applicable law, the court concludes that it should be

*PJG*

summarily dismissed as to the following Defendants:  Warden Reynolds; DHO Patterson; DHO Brown; and W. Christopher Swett.[1]

## I.     Factual and Procedural Background

Plaintiff alleges misconduct by an attorney, W. Christopher Swett, appointed to represent Plaintiff in court proceedings.  (ECF No. 5 at 1-2.)  Plaintiff further complains of the discharge of chemical munitions on September 22, 2010 by Defendant Lt. Siebel and the allegedly improper use of chemical munitions on March 25, 2013 by Defendants Siebel, Sgt. Boatwright, Lt. Shannon, Sgt. Ashe, and Capt. Pack.  (ECF No. 5-1 at 3, 5, 13.)  The March 2013 chemical munitions incident appears to have involved Plaintiff's refusal to wear a pink jumpsuit after a disciplinary conviction for exhibitionism.  (Id. at 5.)  It further appears the exhibitionism conviction resulted from Defendant Sgt. Debra McFadden's alleged "invasion" into Plaintiff's cell "prior to any announcement" while his penis was exposed.  (Id. at 4; ECF No. 5-1 at 17.)  Defendants DHO Patterson and DHO Brown, disciplinary hearing officers, are alleged to have denied Plaintiff due process during disciplinary proceedings for exhibitionism, refusal to obey an order, and possession of unauthorized drugs.  (ECF No. 5-1 at 3-4, 6-7.)  Defendant Pack, with the knowledge of Defendants Officer Barnes and Officer McElveen, allegedly refused to allow Plaintiff out of his cell for meals due to Plaintiff's refusal to wear a pink jumpsuit.  (Id. at 7.)  Defendant Official McPherson is sued for failing to provide a winter jacket "fit for cold weather" and Defendants Captain Washington and the "shake down team" are named for performing repetitive cavity searches on Plaintiff.  (Id. at 7-8.)  Plaintiff provides no

---

[1] To preserve issues in this case and to give liberal construction to the pleadings, Plaintiff's Complaint (ECF No. 1) has been appended to the Amended Complaint (ECF No. 5) as an attachment (ECF No. 5-1).  A separately docketed order directs the issuance and service of process as to the remaining defendants.



direct factual allegations against Defendant Warden Reynolds.  (Id. at 6.)  Plaintiff seeks monetary damages and release from confinement.² (Id. at 8-9.)

## II.  Discussion

### A.  Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Amended Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Amended Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."³  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S.

---

² To the extent Plaintiff seeks release from confinement, such relief is not available under § 1983.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).

³ Screening pursuant to § 1915A is subject to this standard as well.



at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte.  See Neitzke, 490 U.S. at 327; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

PJG

B.     Analysis

A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). In this action, Plaintiff states potentially cognizable claims under § 1983 against several of the defendants. However, for the reasons discussed below, the court finds that Plaintiff fails to state a claim upon which relief may be granted as to Defendants Swett, Patterson, Brown, and Reynolds.

1.     No State Action—W. Christopher Swett

As indicated above, a Plaintiff must show that a defendant acted under color of state law to assert a plausible claim under § 1983. However, an attorney, whether retained or appointed, does not act under color of state law when performing traditional functions as counsel. See Polk Cty. v. Dodson, 454 U.S. 312, 317-24 nn.8-16 (1981) (public defender); Hall v. Quillen, 631 F.2d 1154, 1155-56 nn.2-3 (4th Cir. 1980) (court-appointed attorney); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney). Plaintiff alleges a denial of court access in violation of the First Amendment and a violation of due process under the Fourteenth Amendment against Defendant Swett. (ECF No. 5 at 2.) However, as such claims stem from this defendant's legal representation

PJG

of Plaintiff in court proceedings, Defendant Swett is not considered a state actor amenable to suit under § 1983. Accordingly, this defendant is entitled to summary dismissal from this case.[4]

### 2.    Claims Related to Disciplinary Proceedings—Patterson and Brown

Disciplinary proceedings which implicate a protected liberty interest demand due process. See Wolff v. McDonnell, 418 U.S. 539 (1974).[5] To prevail on a procedural due process claim, an inmate must first show that he was deprived of life, liberty, or property by governmental action. Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). In this case, Plaintiff alleges that Defendants Patterson and Brown, disciplinary hearing officers, violated Plaintiff's right to due process during disciplinary proceedings. (ECF No. 5-1 at 3-4, 6-7.) While Plaintiff fails to plausibly allege the implication of a protected liberty interest for two of the disciplinary convictions discussed, his conviction on July 29, 2013 for possession of unauthorized drugs resulted in the loss of ninety days of good conduct time, which could potentially constitute the deprivation of a liberty interest. (Id. at 12, 19, 35.)

However, the Supreme Court has held that a prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can establish that the conviction or sentence has been

---

[4] Plaintiff does not appear to assert a state law legal malpractice claim against Defendant Swett. However, to the extent such a claim may be liberally construed, the court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) as to this defendant.

[5] In Wolff, the United States Supreme Court held that where a disciplinary hearing affects a liberty interest, inmates must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; (3) a written statement by the fact finders of the evidence relied on and the reasons for the disciplinary action; and (4) a fair and impartial tribunal. Wolff, 418 U.S. at 563-67.



previously invalidated. Heck v. Humphrey, 512 U.S. 477, 487 (1994); see also Kerr v. Orellana, 969 F. Supp 357 (E.D. Va. 1997) (holding that prisoner's § 1983 claim for monetary damages and injunctive relief related to his disciplinary hearing precluded by Heck). In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended this holding to a prisoner's claim for damages regarding loss of good time credits. Id. at 648 (holding that a "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983"). While Heck does not universally apply to all suits challenging prison disciplinary proceedings or institutional offense convictions, see Muhammad v. Close, 540 U.S. 749, 751 (2004), "in situations where administrative action affects credits toward release based on good time served, Heck bars a § 1983 claim." Canzater v. Bittinger, C/A No. 0:14-3773-RBH, 2015 WL 2160242, at *2 (D.S.C. May 7, 2015) (adopting Report and Recommendation). In the present action, Plaintiff provides no facts to plausibly suggest that his institutional conviction resulting in the loss of earned good conduct time credit has been invalidated. Accordingly, Plaintiff's due process claims against these defendants are barred by the holdings of Heck and Edwards and subject to summary dismissal from this action.

### 3. Failure to Assert Personal Involvement—Warden Reynolds

"[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); see also Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1997) (holding that an official must be personally involved in the alleged deprivation before liability may be imposed). While the court must liberally construe a *pro se* complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. See Iqbal, 556 U.S. at 677-

79; see also Fed. R. Civ. P. 8(a)(2) (providing that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."). Instead, he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (holding that a plaintiff must provide sufficient factual allegations to "nudg[e] [the] claims across the line from conceivable to plausible"). In the instant action, Plaintiff does not plausibly assert that Defendant Reynolds was personally involved in the alleged violation of Plaintiff's constitutional rights.

Moreover, while supervisory officials may be held liable in some circumstances for constitutional injuries inflicted by their subordinates, Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994), certain criteria must be established to trigger such liability. A plaintiff must show that the supervisory official (1) was actually or constructively aware of a risk of constitutional injury, (2) was deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999). In this case, Plaintiff fails to plausibly suggest that Defendant Reynolds was aware of, or deliberately indifferent to, any constitutional risk of injury to Plaintiff. Thus, Plaintiff's claims against Defendant Reynolds are subject to summary dismissal from this case.

### III.   Conclusion

Accordingly, the court recommends that the Amended Complaint be summarily dismissed without prejudice and without issuance and service of process as to the following defendants: Warden Reynolds; DHO Patterson; DHO Brown; and W. Christopher Swett.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 5, 2015
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).