UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Curtis L. King, | ) | Civil Action No.: 0:15-2358-RBH-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Official McPherson, *Lee Corr Inst*; Sgt Boatwright, *Lee Corr Inst*; DHO Patterson, *Lee Corr Inst*; Warden Reynolds, *Lee Corr Inst*; Shake Down Team *at Lee Corr Inst/ Turbeville*; Capt. Pack, *Turbeville Corr Inst*; Lt. Shannon, *Turbeville Corr Inst*; Officer McElveen, *Turbeville Corr Inst*; Officer Barnes, *Turbeville Corr Inst*;  DHO Brown, *Turbeville Corr Inst*; Lt. Siebel, *Broad River Corr Inst*; Capt. Washington, *Broad River Corr Inst*; W. Christopher Swett, *appointed counsel*; Sgt. Carlton Ashe; Sgt. Debra McFadden | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Curtis L. King, currently incarcerated at Evans Correctional Institution in Bennettsville, South Carolina and proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 against several individuals alleging civil rights violations, including excessive use of force, cruel and unusual punishment, unlawful search, and a violation of his expectation of privacy.

This matter is before the Court for review of the Report and Recommendation of Magistrate Judge Paige J. Gossett filed on November 5, 2015. [ECF #42]. This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e). The Magistrate Judge recommended that the case be summarily dismissed as to four of the named Defendants: Warden

1

Reynolds, DHO Patterson, DHO Brown, and W. Christopher Swett. On November 18, 2015, Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation. [ECF #47].

**Background**

Plaintiff filed his original Complaint on June 11, 2015, against several prison officials alleging violations of his constitutional rights. [ECF #1]. On June 18, 2015, he filed an Amended Complaint naming Christopher Swett as an additional Defendant. [ECF #5]. The Complaint was then appended to the Amended Complaint as an attachment. [ECF #5-1]. According to the allegations in Plaintiff's Amended Complaint, Lt. Seibel used excessive force in violation of the Eighth Amendment by discharging chemical munitions on September 22, 2010. [ECF #5-1, p. 3]. Similarly, Plaintiff alleges Lt. Seibel, Sgt. Boatwright and Capt. Pack used excessive force in violation of the Eighth Amendment by spraying Plaintiff with chemical munitions on March 25, 2013. [ECF #5-1, p. 5].[1] He further alleges Sgt. McFadden violated his constitutional rights by entering his cell unannounced and invading his privacy, resulting in Plaintiff's exhibitionism charge. [ECF #5-1, p. 4].

Plaintiff's Amended Complaint also includes allegations that DHO Brown and DHO Patterson denied him due process during three disciplinary hearings for exhibitionism, refusal to obey orders, and possession of an unauthorized drug. [ECF #5-1, pp. 3,4,6,7]. Plaintiff alleges that Officer McElveen, Capt. Pack, and Officer Barnes denied him access to food for refusing to wear a pink jumpsuit. [ECF #5-1, p. 7]. Plaintiff alleges Official McPherson did not provide him a winter jacket "fit for cold weather" in violation of the Eighth Amendment. [ECF #5-1, p. 7]. Finally, he alleges Capt. Washington and the "shakedown team" violated his constitutional rights by subjecting him to repetitive anal cavity

---

[1] Plaintiff also attached the Incident Report for the March 25, 2013 incident where it appears Lt. Shannon and Sgt. Carlton Ashe were also involved in this incident. [ECF #5-1, p. 13]. Plaintiff has named these two individuals as defendants, as well.

searches. [ECF #5-1, p. 8]. In the Complaint and Amended Complaint, Plaintiff did not make any factual allegations against Defendant Reynolds. However, in his objections, Plaintiff did allege Warden Reynolds had personal involvement and exhibited deliberate indifference because he chose to "warrant" the shake down team incident and in his response to complaints regarding the anal cavity searches. [ECF #47, p. 2]. As correctly mentioned by the Magistrate Judge, while Plaintiff seeks both monetary damages and release from confinement, the latter relief is not available under § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.*

Plaintiff filed his Amended Complaint *in forma pauperis* pursuant to 28 U.S.C. § 1915. Under this statute, a district court may dismiss a case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant

who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).   In other words, a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319, 327 (1989). However, a *pro se* complaint is to be liberally construed and held to less stringent standards than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94, (2007). This generous construction is not without limits, and the Court is not required to construct claims from sentence fragments. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Discussion

### A. Summary Dismissal of W. Christopher Swett

According to Plaintiff's Amended Complaint, W. Christopher Swett ("Defendant Swett") was appointed as his legal counsel on September 3, 2013. [ECF #5, p. 1].  In Plaintiff's Amended Complaint, he alleged Defendant Swett engaged in misconduct that interfered with Plaintiff's right of access to the courts under the First Amendment and resulted in a violation of due process under the Fourteenth Amendment. [ECF #5, p. 2]. The Magistrate Judge recommended summary dismissal of Defendant Swett because he is not a state actor amenable to suit under § 1983. Plaintiff objects to the summary dismissal of Defendant Swett by alleging Defendant Swett's actions constituted cruel and unusual punishment, deliberate indifference, and hindered Plaintiff's access to the courts, thereby violating the First, Eighth, and Fourteenth Amendments. [ECF #47, p. 1]. Plaintiff did not object to the Magistrate Judge's finding that Defendant Sweet is not a state actor subject to suit under § 1983.

In order for Plaintiff to state a plausible claim under § 1983 against Defendant Swett, he must demonstrate that Defendant Swett acted under color of state law.  *West v. Atkins,* 487 U.S. 42, 48 (1988).  The Fourth Circuit has previously determined that court-appointed attorneys are entitled to dismissal of § 1983 actions brought against them for want of state action. *Hall v. Quillen*, 631 F.2d

4

1154, 1156, n.2 (4th Cir. 1980); *see also Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (holding that a public defender does not act under color of state law when performing traditional functions as counsel in a criminal proceeding). In Plaintiff's objections, he does not refute the Magistrate Judge's finding that Defendant Swett did not act under color of state law. Accordingly, this Court overrules any objection by Plaintiff as to the dismissal without prejudice of Plaintiff's claims against Defendant Swett.[2]

### B. Summary Dismissal of DHO Patterson and DHO Brown

Plaintiff alleges that DHO Patterson and DHO Brown violated his due process rights by their involvement in three disciplinary hearings resulting in convictions. [ECF # 5-1, pp. 4-6]. The Magistrate Judge recommended summary dismissal of claims against DHO Patterson and DHO Brown because Plaintiff's claim for damages is not cognizable under the holdings of *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997). Plaintiff objects to summary dismissal of DHO Patterson and DHO Brown on the grounds that these two cases are inapplicable to his claim that DHO Patterson and DHO Brown "prejudged" him prior to his disciplinary proceedings, thereby resulting in an unfair outcome. [ECF #47, p. 3].

In the seminal case regarding the due process rights of prisoners, the Supreme Court held that prisoners retained rights under the Due Process Clause of the Fourteenth Amendment, subject to "restrictions imposed by the nature of the regime to which they have been lawfully committed." *Wolff*

---

[2] In the Report and Recommendation, the Magistrate Judge noted that this Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) as to any cognizable state law legal malpractice claims against Defendant Swett. Under 28 U.S.C. § 1367(a), district courts have supplemental jurisdiction over claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Plaintiff did not object or provide any argument suggesting this Court should exercise supplemental jurisdiction over any potential state law claims against Defendant Swett. Further, this Court does not find that the allegations contained in the Amended Complaint against Defendant Swett form part of the same case or controversy, or are otherwise related to the remaining claims in this case. Accordingly, this Court declines to exercise supplemental jurisdiction over any potential state claims.

5

*v. McDonnell*, 418 U.S. 539, 556 (1974). In order to prevail on a procedural due process claim, an inmate must demonstrate that he was deprived of "life, liberty, or property" by government action. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997). Due process in the context of disciplinary proceedings requires written notice to the inmate of the charges, opportunity for the inmate to call witnesses and present documentary evidence, and a written statement by the finders of fact of the evidence relied upon and the reasons for the disciplinary action taken. *Baker v. Lyles*, 904 F.2d 925, 929 (4th Cir. 1990).

Plaintiff did not specifically allege how DHO Patterson and DHO Brown's actions deprived him of "life, liberty or property" for any of the disciplinary proceedings discussed in the Complaint. However, Plaintiff did attach the South Carolina Department of Corrections Disciplinary Report and Hearing Record[3] that evidences a loss of ninety good time days as punishment for a July 29, 2013 conviction of the possession of unauthorized drugs. [ECF #5-1, p. 35]. Assuming that the loss of good conduct time constitutes a deprivation of a liberty interest, Plaintiff still fails to make a cognizable claim under § 1983. The Supreme Court has previously held that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction invalid, a plaintiff bringing a § 1983 claim must establish that the conviction or sentence has been reversed, expunged, or otherwise declared invalid. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). A few years after the Supreme Court announced *Heck*, the Court considered whether a claim for damages brought by a state prisoner challenging procedures resulting in a loss of good-time credits was cognizable under § 1983. *Edwards v. Balisok*, 520 U.S. 641 (1997). In *Balisok*, the Supreme Court concluded that a petitioner's claim for money damages based on allegations of deceit and bias

---

[3] In Plaintiff's Complaint, Plaintiff alleges that DHO Brown was involved in this disciplinary proceeding. [ECF # 1, p. 6]. Plaintiff does not allege any involvement with this hearing on the part of DHO Patterson.

on the part of the prison proceedings that imply the punishment imposed is invalid is not cognizable under § 1983. 520 U.S. at 648. Further, as the Magistrate Judge previously explained, a claim related to administrative action resulting in the loss of good time credits is not cognizable under § 1983 because it implicitly questions the validity of the conviction or duration of the sentence. *See generally id.* at 645-646; *see also Canzater v. Bittinger*, No. 0:14-CV-3773-RBH, 2015 WL 2160242, at *2 (D.S.C. May 7, 2015).

Plaintiff alleges that the method by which the hearings were conducted evidences a bias on the part of DHO Brown and DHO Patterson. However, Plaintiff does not allege facts that demonstrate his loss of good conduct time has been overturned. Therefore, under the holdings of *Heck* and *Balisok*, Plaintiff has failed to make a claim under § 1983. Plaintiff's objections to the summary dismissal of DHO Brown and DHO Patterson are overruled.

### C. Summary Dismissal of Warden Reynolds

The Magistrate Judge recommended summary dismissal of Defendant Warden Reynolds because Plaintiff did not allege any personal involvement by Warden Reynolds in the alleged violation of Plaintiff's constitutional rights in either his original Complaint or the Amended Complaint. [ECF #42, p. 8]. In order to bring a claim against Warden Reynolds under § 1983, Plaintiff must show that "the official charged acted personally in the deprivation of the plaintiff's rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977); *see generally* Fed R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim").

Plaintiff objected to the Magistrate Judge's recommendation to summarily dismiss Warden Reynolds and generally alleged in his objections that Warden Reynolds had personal involvement with the shake down team entering the prison "without visual identification." He appears to suggest that

Warden Reynolds was involved in the complaint process related to Plaintiff's opposition to the "order to obey anal cavity search." [ECF # 47, p. 2]. Plaintiff also alleges in his objections that Warden Reynolds met with grievance coordinators and signed the grievance documents. [ECF #47, pp. 2-3]. Plaintiff does not otherwise provide any specific allegations against Warden Reynolds.

Plaintiff has previously filed an amendment to his original Complaint. [ECF #5]. In neither the original Complaint nor the Amended Complaint did Plaintiff plausibly include facts alleging Defendant Warden Reynolds was personally involved in the alleged violation of his constitutional rights. Plaintiff has not subsequently filed an amendment to the Amended Complaint to include factual allegations against Defendant Warden Reynolds, nor has he filed a motion requesting the Court's leave to amend his pleadings to add these factual allegations against Warden Reynolds.[4] Plaintiff cannot use his objections to plead new claims or cure factual defects against any existing claims as to Defendant Warden Reynolds. *See Backus v. Cox*, No. 4:13-CV-00881-RBH, 2013 WL 5707328, at *2 (D.S.C. Oct. 18, 2013); *see also* 28 U.S.C. § 636(b)(1)(c). Accordingly, this Court finds that Plaintiff did not plausibly assert personal involvement on the part of Warden Reynolds as to the alleged violation of Plaintiff's constitutional rights in his original Complaint or Amended Complaint.[5] Plaintiff's objections to summary dismissal of Warden Reynolds are therefore overruled.

---

[4] *See* Fed. R. Civ. P. 15(a)(2) (allowing a party to amend its pleadings with the court's leave). Plaintiff is apparently aware of the fact that in order to amend his complaint, he must file some sort of pleading. In this case, Plaintiff previously filed a motion seeking to amend to add claims against additional defendants. [ECF #15]. This motion was denied pursuant to Fed R. Civ. P. 20(a)(2). [ECF #25].

[5] Likewise, Plaintiff did not plausibly assert or suggest in the original Complaint or Amended Complaint that Warden Reynolds, as a supervisory official, was aware of, or deliberately indifferent to, any constitutional risk of injury to Plaintiff. *See Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999) (explaining that a supervisory official may be liable if a plaintiff shows "actual or constructive knowledge of a risk of constitutional injury, deliberate indifference to that risk, and 'an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff'").

**Conclusion**

The Court has thoroughly reviewed the entire record, including Plaintiff's Complaint and Amended Complaint, the Magistrate Judge's Report and Recommendation, the Objection to the Report and Recommendation, and the applicable law. For the reasons stated above and by the Magistrate Judge, the Court overrules Plaintiff's objections and adopts and incorporates the Report and Recommendation of the Magistrate Judge as to Defendant Swett, Defendant DHO Patterson, Defendant DHO Brown, and Defendant Warden Reynolds.

**IT IS ORDERED** that Plaintiff's Amended Complaint is hereby **DISMISSED without prejudice and without issuance and service of process as to Defendant Swett, Defendant Brown, Defendant Patterson, and Defendant Warden Reynolds.**

**IT IS SO ORDERED**.

December 30, 2015                                             s/ R. Bryan Harwell

Florence, South Carolina                                   R. Bryan Harwell

                                                                         United States District Judge