IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Curtis L. King, ) | C/A No. 0:15-2358-RBH-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Official McPherson, *Lee Corr Inst*; Sgt. ) | |
| Boatwright; *Lee Corr Inst*; Shake Down Team ) | |
| *at Lee Corr Inst/Turbeville*; Capt. Pack, ) | |
| *Turbeville Corr Inst*; Lt. Shannon, *Turbeville* ) | |
| *Corr Inst*; Officer McElveen*, Turbeville Corr* ) | |
| *Inst*; Officer Barnes, *Turbeville Corr Inst*; Lt. ) | |
| Siebel, *Broad River Corr Inst*; Captain ) | |
| Washington, *Broad River Corr Inst, individual* ) | |
| *& official capacity et al. known & unknown*; ) | |
| Sgt. Carlton Ashe; Sgt. Debra McFadden, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Curtis L. King ("King"), a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on King's motion requesting an immediate preliminary injunction.[1] (ECF No. 16.) Having carefully reviewed the motion and the pleadings in this case, the court finds that King's motion should be denied.

---

[1] The court issued an order on November 5, 2015 directing service of King's Amended Complaint and motion for a preliminary injunction on Defendants McPherson, Boatwright, Pack, Shannon, McElveen, Barnes, Siebel, Washington, Ashe, and McFadden. (ECF No. 43 at 3.) On December 29, 2015 the summonses were returned unexecuted as to Defendants Shannon, Siebel, and Washington. (ECF No. 53.) The remaining defendants have been served in this case have filed an Answer. (ECF Nos. 56, 60.)

Page 1 of 5



**DISCUSSION**

King filed the instant action in June 2015, which the court construed as purporting to assert claims against the defendants for excessive use of force and unconstitutional conditions of confinement in violation of the Eighth Amendment, and unlawful searches in violation of the Fourth Amendment. (See ECF No. 43 at 2.) In his motion for a preliminary injunction, King seeks an order requiring the "confidential shake down team" to identify themselves upon entry into a prisoner's cell and to wear identification cards. (ECF No. 16 at 1.) King further complains of inmates being degraded when required to strip, squat, and face the opposite direction for a visual "anal/rectal" search. (Id.) King attaches a "Declaration" to his motion, in which he reasserts claims raised in the Amended Complaint regarding the alleged issuance of inadequate winter jackets. (ECF No. 16-1 at 1-2; see also ECF No. 5-1 at 7.)

"Preliminary injunctions are not to be granted automatically." Wetzel v. Edwards 635 F.2d 283, 286 (4th Cir. 1980). Such relief regarding the administration of a state prison should be granted only in compelling circumstances. See Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994). Moreover, the United States Court of Appeals for the Fourth Circuit has long recognized the "wide ranging deference" that the judiciary must show prison administrators with regard to matters within their discretion. See Wetzel, 635 F.2d at 288 (discussing the complexities of running a penal institution and the reluctance of federal courts to interfere in the problems of prison administration).

A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); The Real Truth About



Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346-47 (4th Cir. 2009), vacated on other grounds by 559 U.S. 1089 (2010), reissued in part by 607 F.3d 355 (4th Cir. 2010), overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977).[2]  A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim.  Winter, 555 U.S. at 22; Real Truth, 575 F.3d at 345-46.  Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief.  Winter, 555 U.S. at 20-23; Real Truth, 575 F.3d at 347.  Only then may the court consider whether the balance of equities tips in the plaintiff's favor.  See Real Truth, 575 F.3d at 346-47.[3]  Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction.  Real Truth, 575 F.3d at 347 (quoting Winter, 555 U.S. at 24).

Based on the record currently before the court, King has not satisfied the required elements and has failed to demonstrate that these circumstances warrant the extraordinary remedy he seeks. Winter, 555 U.S. at 22 (stating that a mere possibility of harm is not sufficient to warrant injunctive relief).[4]

---

[2] The portions of Real Truth that were reissued by the Fourth Circuit are Parts I and II found at 575 F.3d at 345-47, which are the sections addressing injunctions that are relied upon in the court's Report and Recommendation.

[3] Based on Winter, the Real Truth Court expressly rejected and overruled Blackwelder's sliding scale approach, which allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm. Real Truth, 575 F.3d at 347; Winter, 555 U.S. at 21-23.

[4] To the extent King seeks injunctive relief against non-parties in his motion, such relief is not available. See Fed. R. Civ. P. 65(a).



## RECOMMENDATION

Accordingly, the court recommends that King's motion for a preliminary injunction (ECF No. 16) be denied.

January 25, 2016  
Columbia, South Carolina

_____  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).