UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Curtis L. King, ) | Civil Action No.: 0:15-2358-RBH-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Official McPherson, *Lee Corr Inst*; Sgt ) | |
| Boatwright, *Lee Corr Inst*; DHO Patterson, ) | |
| *Lee Corr Inst*; Warden Reynolds, *Lee Corr* ) | |
| *Inst*; Shake Down Team *at Lee Corr Inst/* ) | |
| *Turbeville*; Capt. Pack, *Turbeville Corr* ) | |
| *Inst*; Lt. Shannon, *Turbeville Corr Inst*; ) | |
| Officer McElveen, *Turbeville Corr Inst*; ) | |
| Officer Barnes, *Turbeville Corr Inst*;  DHO ) | |
| Brown, *Turbeville Corr Inst*; Lt. Siebel, ) | |
| *Broad River Corr Inst*; Capt. Washington, ) | |
| *Broad River Corr Inst*; W. Christopher ) | |
| Swett, *appointed counsel*; Sgt. Carlton Ashe;) | |
| Sgt. Debra McFadden ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Curtis L. King, proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 against several individuals alleging civil rights violations, including excessive use of force, cruel and unusual punishment, unlawful search, and a violation of his expectation of privacy. This matter is before the Court on Plaintiff's "Rehearing of Dismissal" filed on January 20, 2016, which the Court construes as a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e). [ECF #66]. Plaintiff asks the Court to reconsider its Order adopting the Report & Recommendation [ECF #42] and dismissing Plaintiff's Amended Complaint as to named Defendants W. Christopher Swett, DHO Brown, DHO Patterson and Warden Reynolds. [ECF #54]. Plaintiff's motion references the

1

general role of counsel in assisting an individual in his defense and alleges counsel restricted his access to the courts. [ECF #66, p. 1].

A motion made under Rule 59 of the Federal Rules of Civil Procedure is an extraordinary remedy and should not be taken lightly. *See Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citing 11 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE, § 2810.1 at 124 (2d ed. 1995)). The Fourth Circuit has held that such a motion should be granted for one of three reasons: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice. *Collison v. Int'l Chemical Workers Union*, 34 F.3d 233, 236 (4th Cir. 1994). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Nor may Rule 59(e) motions be used to argue a novel legal theory that the party had the ability to address in the first instance. *Pacific Ins. Co.*, 148 F.3d at 403.

Plaintiff does not point to a change in the controlling law, new evidence, or a clear error of law in support of his motion. Further, Plaintiff's allegations in his motion supporting his contention that counsel restricted his access to the courts were previously set forth in his Amended Complaint [ECF #15] and considered in this Court's order. [ECF #54]. As such, Plaintiff has failed to set forth an adequate basis for the requested relief, and the Court declines to reconsider its order. Therefore, Plaintiff's Motion for Reconsideration is **DENIED.**

**IT IS SO ORDERED**.

January 25, 2016  s/ R. Bryan Harwell
Florence, South Carolina  R. Bryan Harwell
 United States District Judge