IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Curtis L. King, | ) | C/A No. 0:15-2358-RBH-PJG |
|                 Plaintiff, | ) | |
| v. | ) | |
| Official McPherson, *Lee Corr Inst*; Sgt. Boatwright, *Lee Corr Inst*; DHO Patterson, *Lee Corr Inst*; Warden Reynolds, *Lee Corr Inst*; Shake Down Team *at Lee Corr Inst/Turbeville*; Capt. Pack, *Turbeville Corr Inst*; Lt. Shannon, *Turbeville Corr Inst*; Officer McElveen, *Turbeville Corr Inst*; Officer Barnes, *Turbeville Corr Inst*; DHO Brown, *Turbeville Corr Inst*; Lt. Siebel, *Broad River Corr Inst*; Capt. Washington, *Broad River Corr Inst*; W. Christopher Swett, *appointed counsel*; Sgt. Carlton Ashe; Sgt. Debra McFadden, | ) | **REPORT AND RECOMMENDATION** |
|                 Defendants. | ) | |

The plaintiff, Curtis L. King, a self-represented state prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on a motion to dismiss submitted by Defendant Lt. Seibel[1] and Defendant Capt. Washington for failure to state a claim upon which relief can be granted, (ECF No. 74), and on a motion to dismiss submitted by Defendant Shake Down Team for insufficient process and insufficient service of process. (ECF No. 76.) King filed a response in opposition to the motions

---

[1] The court observes that the record contains different spellings of Defendant Siebel's last name. It appears from the defendants' filings with the court that the correct spelling of his name is "Seibel" and the court will refer to him as such in this Report and Recommendation.

Page 1 of 11



to dismiss and a supplement to the response. (ECF Nos. 88 & 97.) The defendants filed a reply. (ECF No. 92.) Having reviewed the parties' submissions and the applicable law, the court makes the following findings.

**I.     Factual and Procedural Background**

King is an inmate at the South Carolina Department of Corrections ("SCDC") Evans Correctional Institution. (ECF No. 5-1 at 1.) King alleges that on September 22, 2010, Seibel informed him he would be disciplined by spending seventy-two hours in lock-up. (Id. at 3.) King claims he asked to speak to someone within the chain of command about his discipline but he was forced out of his cell and into another. (Id.) As Seibel approached him with mace in his hand, King alleges he laid on his stomach to prevent being sprayed with mace, but Seibel was able to empty the container of mace onto his face. (Id.) King alleges Seibel's actions constituted excessive force. (Id.)

In a separate incident on March 25, 2013, King claims Seibel used excessive force when he used chemical munitions for the sole purpose of inflicting pain upon him. (Id. at 5.) This incident was the apparent result of King refusing to wear a pink inmate jumpsuit.[2] (Id.) King argues there was no need for the application of force in this situation because he was not being disciplined or threatening the safety of staff. (Id.)

King further alleges Washington and the Shake Down Team violated the Fourth, Eighth, and Fourteenth Amendments by performing "cruel and unusual" body cavity searches on him. (Id. at 8.) King states that "Capt. Washington and shake down team is being allowed to degradtion, undignified and dehumanzing [. . .] cavity search repetitiously . . . ." (Id.) (errors in original).

---

[2] Per SCDC's disciplinary policy provided by King, inmates may be ordered to wear a pink jumpsuit as a sanction for certain disciplinary infractions. (ECF No. 5-1 at 46.)



## II. Discussion

### A. Motion to Dismiss Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). A court may consider "documents attached or incorporated into the complaint" without converting a motion to dismiss into a motion for summary judgment. E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011). Further, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." Witthohn v. Fed. Ins. Co., 164 F. App'x 395, 396-97 (4th Cir. 2006) (citing Alternative Energy, Inc. v. St. Paul Fire & Marine Insurance. Co., 267 F.3d 30, 33 (1st Cir. 2001); Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999) (permitting consideration of extraneous material if such materials are "integral to and explicitly relied on in the complaint"); Gasner v. Dinwiddie, 162 F.R.D. 280, 282 (E.D. Va. 1995) (permitting district court



to take judicial notice of public documents, such as court records, even when the documents are neither referenced by nor integral to plaintiff's complaint)).

In applying this standard, the court observes that it is required to liberally construe *pro se* complaints. Erickson, 551 U.S. at 94. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

    **B.**    **Analysis**

        **1.**    **Timeliness**

Section 1983 does not contain an express statute of limitations; therefore, federal courts apply the forum state's statute of limitations for personal injury claims, see Wallace v. Kato, 549 U.S. 384, 387 (2007); Owens v. Baltimore City State's Attorneys Office, 767 F.3d 379, 388 (4th Cir. 2014), and its corresponding tolling rules. See Peoples v. Rogers, C/A No. 8:10-24-CMC-BHH, 2010 WL 424201, at *1-2, (D.S.C. Feb. 1, 2010). South Carolina's three-year statute of limitations for



personal injury actions applies to Plaintiff's § 1983 claim. See S.C. Code Ann. § 15-3-530(5); Owens v. Okure, 488 U.S. 235, 244 & n.8 (1989); Simmons v. S.C. State Ports Auth., 694 F.2d 63, 64 (4th Cir. 1982).

However, the three year statute of limitations may be tolled where an inmate files a grievance within the prison concerning the incident at issue in the § 1983 claim. See Flowers v. Phelps, 514 F. App'x 100, n.1 (3d Cir. 2013) ("[B]ecause exhaustion of prison administrative remedies is mandatory under the Prison Litigation Reform Act ("PLRA"), the statute of limitations applicable to § 1983 actions may be tolled while a prisoner exhausts."); Gonzalez v. Hasty, 651 F.3d 318, 324-25 (2d Cir. 2011) ("The catch-22 is self-evident: the prisoner who files suit prior to exhausting administrative remedies risks dismissal based upon § 1997e; whereas the prisoner who waits to exhaust his administrative remedies risks dismissal based upon untimeliness.") (internal citations and quotations omitted); see, e.g., Williams v. Pulaski Cty. Det. Facility, 278 F. App'x 695, 695-96 (8th Cir. 2008); Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005); Johnson v. Rivera, 272 F.3d 519, 522 (7th Cir. 2001); Brown v. Morgan, 209 F.3d 595, 596 (6th Cir. 2000); Harris v. Hegmann, 198 F.3d 153, 157-59 (5th Cir. 1999). The United States Court of Appeals for the Fourth Circuit has not yet addressed this issue, but other courts in the District of South Carolina have tolled the statute of limitations in § 1983 actions by prisoners who filed grievances. See Gunnells v. Goodman, Civil Action No. 8:14-1978-MGL, 2016 WL 768845, at *2 (D.S.C. Feb. 29, 2016) ("[W]hile the Fourth Circuit has not yet spoken to the precise interaction between § 15-3-100 (the state tolling statute) and § 1997(e) (requiring exhaustion of administrative remedies), it is very probabl[e] that the circuit court would find that the three year statute of limitations governing § 1983 actions should properly be tolled during the period of time during which § 1983 inmate-plaintiffs are statutorily required to

PJG

exhaust their administrative remedies."); King v. Ozmint; Civil Action No. 0:11-cv-01455-RBH, 2013 WL 4680532, at *4-5 (D.S.C. Aug. 30, 2013); Saucillo v. Samuels, Civil Action No. 0:12-cv-240-TMC, 2013 WL 360258, at *1-2 (D.S.C. Jan. 30, 2013); Peoples, 2010 WL 424201, at *2; Lopez v. S.C.D.C., C.A. No. 3:06-2512-PMD-JRM, 2007 WL 2021875, at *2 (D.S.C. July 6, 2007) (agreeing with the magistrate judge's recommendation to toll the statute of limitations while the plaintiff exhausted his administrative remedies through the prison grievance system).

### a.     Defendant Seibel

Seibel argues King failed to state a claim upon which relief can be granted because the Complaint was filed after the applicable statute of limitations. King's excessive force allegations against Seibel arise out of two incidents. In the first incident, King alleges Seibel sprayed him with mace while he was lying on the ground. (ECF No. 5-1 at 3.) King alleges this first incident occurred on September 22, 2010, (id. at 3); however, Seibel argues the incident actually occurred on June 7, 2011, as shown in the grievance form King attached to his pleadings. (ECF No. 74 at 3.) The second incident involved the use of chemical munitions by Seibel and other officers to punish King for not obeying their order to wear a pink jumpsuit. (ECF No. 5-1 at 5.) King alleges this second incident occurred on March 25, 2013. (Id.) The Complaint was filed on June 5, 2015.[3]

As to the first incident, regardless of whether the incident occurred on September 22, 2010 or June 7, 2011, the court finds King's claim is untimely. On its face, King's claim as to the first incident is untimely because it was filed on June 5, 2015, nearly four years after the latest date the

---

[3] King's Complaint was filed with the court on June 11, 2015. (ECF No. 1.) However, pleadings from inmates are considered filed when they are delivered to prison authorities. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court).



incident could have occurred, June 7, 2011.  See § 15-3-530(5).  However, King filed a grievance with SCDC over this incident, which, as discussed above, tolled the statute of limitations.  But, while the appropriate length of time for tolling during the pendency of an inmate grievance is a matter of some dispute, the maximum length of time any court in the District of South Carolina has allowed for tolling is 180 days.  See generally Gunnells, 2016 WL 768845, at *2 ("[T]he Court follows the lead of other courts in the District of South Carolina that have found that tolling is only warranted up until the date on which an inmate-plaintiff is due a final response from prison officials on the disposition of his or her grievance."); King, 2013 WL 4680532, at *5 (finding that under SCDC policy, under no circumstances will the inmate grievance process exceed 180 days).  Even assuming the maximum tolling period recognized in this district applies to King's claim, it would still be untimely as it was filed more than three years and 180 days after the latest possible date the incident could have occurred.  Accordingly, the court recommends King's claim as to the first incident involving Seibel be dismissed as untimely.

However, the court notes that as to the second incident, Seibel makes no argument concerning whether the Complaint was filed within the applicable statute of limitations, and as pleaded, the Complaint clearly falls within the applicable three-year time period.  Consequently, the court finds Seibel's motion to dismiss should only be granted as to King's claim about the first incident because King's allegation that Seibel used excessive force against him on March 25, 2013 states a claim upon which relief can be granted that falls within the applicable statute of limitations.

      **b.**    **Defendant Washington**

Washington argues King's Complaint was filed after the applicable statute of limitations as to the claim against him.  The Complaint does not provide a date for the alleged unconstitutional

PJG

cavity searches alleged by King and purportedly performed by Washington. However, Washington argues the incident must have happened on December 19, 2011 or before, at the latest, because that is the date that King signed his Step 1 Grievance form complaining about this incident. (ECF No. 74 at 3-4.)  Therefore, assuming the incident took place on December 19, 2011 or before, Washington argues King failed to comply with the three-year statute of limitations by filing this case on June 5, 2015.  (Id. at 4.)  The court agrees that the Complaint and supporting documents show on their face that King's claim is untimely.  Moreover, even assuming the statute of limitations was tolled for the maximum tolling period recognized in this district because of King's grievance, see Gunnells, 2016 WL 268845, at *2; King, 2013 WL 4680532, at *5,  the claim was still filed more than three years and 180 days after the latest possible date that the incident could have occurred. Accordingly, the court recommends King's claim against Washington be dismissed as untimely.

       2.     **Defendant Shake Down Team**

This defendant argues King failed to properly identify or serve the unnamed defendants who comprise the Shake Down Team, and therefore, the claims against the Shake Down Team should be dismissed pursuant to Rule 12(b)(4) & (5).  The court agrees this defendant should be dismissed because King failed to identify its unnamed members and effect service of process.

The court issued orders allowing King an opportunity to provide the service documents necessary to advance this case so that service could be effected by the United States Marshals Service. (ECF Nos. 11 & 43.)  King was also specifically advised that "Plaintiff must provide, and is responsible for, information sufficient to identify the defendant," and that "[t]he United States Marshal cannot serve an improperly identified defendant, and unserved defendants may be dismissed as parties to this case." (ECF No. 43 at 3).  The order also stated,



> Moreover, the Clerk of Court is directed *not* to authorize the issuance and service of process upon the defendants identified only as "Shake Down Team," because Plaintiff has failed to specifically identify these defendants in the Amended Complaint. See Thomas v. South Carolina Dep't of Corrs., C/A No. 0:14-3244-DCN, 2014 WL 4700219, at *3 (D.S.C. Sept. 19, 2014) (affirming report and recommendation holding that use of a collective term, such as "staff," without identifying specific staff members fails to state an adequate claim against a person under § 1983). Plaintiff's attention is directed to Rule 4(m) of the Federal Rules of Civil Procedure, which provides that unless a defendant is served within 120 days after the complaint is filed, this court may dismiss an action without prejudice as to that defendant.

(Id.)

The Federal Rules of Civil Procedure state that a plaintiff must serve a defendant within 120 days after the complaint is filed.[4] As of the date of this order, more than 120 days has passed since the court authorized service of King's Complaint, and King has not provided completed USM-285 forms so that service can be effected by the U.S. Marshals Service pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure as required by this court's orders. (ECF No. 43); see Robinson v. Clipse, 602 F.3d 605, 608-09 (4th Cir. 2010). Further, King has had an opportunity to conduct discovery but failed to comply with the time limits set by the court. (ECF No. 57.) Accordingly, the court recommends that Defendant Shake Down Team be dismissed *without prejudice* pursuant to Federal Rule of Civil Procedure 4(m).

### III.     Conclusion

Accordingly, the court recommends the motion to dismiss filed by Defendant Seibel be granted as to King's claim about the incident that occurred on September 22, 2010 or June 7, 2011. The court also recommends granting the motion to dismiss filed by Defendant Washington. Further,

---

[4] This Rule was amended December 1, 2015 to reduce the time to effect service to 90 days. However, King's Complaint was filed prior to this amendment; accordingly, King had 120 days to effect service on the defendants.



the court recommends Defendant Shake Down Team be dismissed *without prejudice* pursuant to Federal Rule of Civil Procedure 4(m).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 8, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).