UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Curtis L. King, | ) | Civil Action No.: 0:15-cv-2358-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Official McPherson, *Lee Corr Inst*; Sgt Boatwright, *Lee Corr Inst*; DHO Patterson, *Lee Corr Inst*; Warden Reynolds, *Lee Corr Inst*; Shake Down Team *at Lee Corr Inst/ Turbeville*; Capt. Pack, *Turbeville Corr Inst*; Lt. Shannon, *Turbeville Corr Inst*; Officer McElveen, *Turbeville Corr Inst*; Officer Barnes, *Turbeville Corr Inst*; DHO Brown, *Turbeville Corr Inst*; Lt. Siebel, *Broad River Corr Inst*; Capt. Washington, *Broad River Corr Inst*; W. Christopher Swett, *appointed counsel*; Sgt. Carlton Ashe; Sgt. Debra McFadden, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Curtis L. King, proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 against several individuals alleging civil rights violations, including excessive use of force, cruel and unusual punishment, unlawful search, and a violation of his expectation of privacy. This matter is before the Court on the motion to dismiss filed by Defendant Seibels[1] and Defendant Washington [ECF #74] and the motion to dismiss filed by Defendant "Shake Down Team"[ECF #76]. On April 8, 2016, Magistrate Judge Paige J. Gossett issued her Report and Recommendation. [ECF #111]. These motions

---

[1] Defendant Gary Seibels, sometimes identified as Defendant "Seibel," indicates in his response to the Report and Recommendation that "Seibels" is the correct spelling of his last name. Therefore, this Court will identify the Defendant with the correct spelling of his last name.

1

were referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e). The Magistrate Judge recommended that the allegations against Defendants Washington and the Shake Down Team be dismissed, and some of the claims against Defendant Seibels be dismissed. On April 18, 2016, Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation ("R&R"). [ECF #115]. On April 25, 2016 Defendants Seibels and Washington filed a response in opposition to the R&R. [ECF #118]. Thereafter, Plaintiff supplemented his objections on April 29, 2016 [ECF #124]. On May 5, 2016, Defendants filed a reply to Plaintiff's objections. [ECF #125]. Plaintiff filed a sur reply on May 11, 2016. [ECF #130].

## Background

The factual and procedural background are adequately set forth in the R&R. Briefly, Plaintiff alleges that Lt. Seibels used excessive force in violation of the Eighth Amendment by discharging chemical munitions in his face on September 22, 2010. [ECF #5-1, p. 3]. Similarly, Plaintiff alleges Lt. Seibels, Sgt. Boatwright and Capt. Pack used excessive force in violation of the Eighth Amendment by spraying Plaintiff with chemical munitions on March 25, 2013. [ECF #5-1, p. 5].[2] He further alleges Sgt. McFadden violated his constitutional rights by entering his cell unannounced and invading his privacy, resulting in Plaintiff's exhibitionism charge. [ECF #5-1, p. 4].

Plaintiff's Amended Complaint also includes allegations that DHO Brown and DHO Patterson denied him due process during three disciplinary hearings for exhibitionism, refusal to obey orders, and possession of an unauthorized drug. [ECF #5-1, pp. 3,4,6,7]. Plaintiff alleges that Officer McElveen, Capt. Pack, and Officer Barnes denied him access to food for refusing to wear a pink jumpsuit. [ECF

---

[2] Plaintiff also attached the Incident Report for the March 25, 2013 incident where it appears Lt. Shannon and Sgt. Carlton Ashe were also involved in this incident. [ECF #5-1, p. 13]. Plaintiff has named these two individuals as defendants, as well.

2

#5-1, p. 7]. Plaintiff alleges Official McPherson did not provide him a winter jacket "fit for cold weather" in violation of the Eighth Amendment. [ECF #5-1, p. 7]. Plaintiff further alleges Capt. Washington and the Shake Down Team violated his constitutional rights by subjecting him to repetitive anal cavity searches. [ECF #5-1, p. 8]. Finally, Plaintiff alleges Warden Reynolds had personal involvement when he chose to "warrant" the Shake Down Team incident and exhibited deliberate indifference in his response to complaints regarding the anal cavity searches. [ECF #47, p. 2]. Since the filing of the lawsuit, DHO Patterson, Warden Reynolds, DHO Brown, and Mr. Swett have all been dismissed from the lawsuit. The Magistrate Judge recommends granting the motion to dismiss as to Defendant Washington, the Shake Down Team, and some of the claims against Defendant Seibels based on the fact that the claims were not filed within the applicable statute of limitations. [ECF #111].

## Standard of Review

### A. Review of the Magistrate Judge's Report & Recommendation

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed

findings and recommendations." *Id.* In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

### B. Motion to Dismiss

Defendants Seibels and Washington have moved to dismiss the claims brought by Plaintiff against them pursuant to Rule 12(b)(6). Under the standard set forth in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is *plausible* on its face." *Giarratano v. Johnson*, 521 F.3d 298 (4th Cir. 2008), citing *Twombly*, 127 S.Ct. at 1974. The purpose of such a motion is to test the sufficiency of the facts alleged in a plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While this standard "does not require 'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Rather, to survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The United States Supreme Court recently stated that

> [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). When ruling on a motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The Shake Down Team has moved to dismiss the claims brought by Plaintiff pursuant to Rules 12(b)(4) and (5) of the Federal Rules of Civil Procedure because Plaintiff fails to properly identify or serve the Defendant "Shake Down Team." When filing a lawsuit against an individual or organization, a plaintiff is required to name the parties and properly have those parties served with notice of the lawsuit. Fed R. Civ. P. 4(m). At the time Plaintiff filed this lawsuit, the federal rules required defendants to be served within 120 days of filing suit. Defendant Shake Down Team alleges that Plaintiff has failed to meet this pleading requirement by naming a generalized group, but otherwise not identifying specific members within that group.

## Discussion

### I. Claims Against Defendant Seibels and Washington

Plaintiff argues that Defendant Seibels used excessive force against him on two separate occasions by spraying him with chemical munitions while Plaintiff was on the ground. Plaintiff alleges the first incident occurred on September 22, 2010 [ECF #5-1], while Defendant Seibels alleges this incident occurred on June 7, 2011 [ECF #74, p. 3]. Plaintiff alleges the second incident occurred on March 25, 2013. [ECF #5-1]. The Magistrate Judge recommends dismissal of some of Plaintiff's claims against Defendant Seibels because the Plaintiff's complaint was not filed within the applicable statute of limitations. [ECF #111, p. 7]. However, the Magistrate Judge does not recommend

dismissing the claims related to the second incident occurring on March 25, 2013 because it is not barred by the applicable statute of limitations since the Complaint was filed June 5, 2015, the date it was delivered to prison authorities. [ECF #111, pp. 6-7]. The Magistrate Judge relies upon the fact that the statute of limitations may be tolled when an inmate files a grievance procedure. [ECF #111, p. 5]. The Magistrate Judge recommends dismissal of all claims against Defendant Washington because, much like the claims against Defendant Seibels, Plaintiff failed to file his Complaint prior to the running of the applicable statute of limitations.

Plaintiff filed what appears to be his objections to the Magistrate Judge's recommendation on April 18, 2016. [ECF #115]. He also filed several supplemental documents thereafter, which this Court has reviewed and considers as part of Plaintiff's response to the R&R. [ECF #124; ECF #129; ECF #130; ECF #132]. Albeit difficult to interpret, Plaintiff appears to object to the finding that the statute of limitations runs as to these Defendants because he was unable to diligently pursue his claims, and thus requests this Court apply the doctrine of equitable tolling. [ECF #115, p. 1]. In a related document filed April 29, 2016, he objects to the R&R because he says he is being denied the right to prompt notice of court orders. [ECF #124, p. 1]. He further objects on grounds that appear to be that his motion to compel should have been granted. [ECF #124, p. 1]. In his third objection, he takes issue with Defendant Seibels's representation of the incident in question. [ECF #124, p. 1]. His fourth objection appears to be that he has presented evidence sufficient to back his claim, but that the evidence was undiscoverable notwithstanding a reasonable investigation of the facts. [ECF #124, p. 2]. Finally, Plaintiff again requests this Court apply the doctrine of equitable tolling. [ECF #124, p. 2]. In a document filed May 6, 2016, Plaintiff appears to object to the time established in a scheduling order and in the response time to a motion to compel. [ECF #129, p. 2]. In a document filed May 11, 2016,

wherein he replies to Defendants' response to the R&R, he objects to the extent the R&R is read to suggest that a grievance procedure encompasses all types of civil matters an inmate could bring in federal court. [ECF #130, p. 1]. Finally he filed another document on May 19, 2016, that again appears to relate to his motion to compel, though it is styled as a supplement to his response to Defendants' reply to the R&R. [ECF #132].

Defendants filed a short response, as well, objecting to the application of the tolling of the statute of limitations based on the filing of a grievance because they argue Plaintiff did not adequately articulate this argument in any of his filings. [ECF #118, p. 2]. In spite of the mandated liberal construction afforded pro se prisoners, Defendants argue that the Magistrate Judge may not conjure up questions that the Plaintiff did not present to the Court. [ECF #118, p. 2]. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). After Plaintiff filed several supplements to his objections, Defendants filed a short reply to his objections, again pointing out to the Court that Plaintiff did not make any specific objections to the R&R. [ECF # 125].

This Court agrees with the Magistrate Judge that the claims against Defendant Seibels related to the September 22, 2010/June 7, 2011 incident are time-barred. Plaintiff brought the claims in this lawsuit pursuant to section 1983, which does not contain an express statute of limitations. Federal courts thus apply the forum state's statute of limitations for personal injury claims, which is the case here. *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014) ("[T]o determine the timely filing of a 1983 claim, courts borrow the statute of limitations from the most analogous state-law cause of action."). South Carolina affords plaintiffs three years to file a personal injury lawsuit. S.C. Code Ann. § 15-3-530(5). Here, Plaintiff argues that the Court should toll the applicable statute of limitations. Defendants argue that Plaintiff has not raised a sufficient objection

to the R&R's analysis that most of the claims against Defendants Seibels and Washington should be time-barred; thus, it was error to rely on a tolling argument to keep the claims stemming from the March 2013 incident against Defendant Seibels in this case.  However, pro se complaints are held to a less stringent standard that those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is required to liberally construe complaints in such a way to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

This Court has previously recognized that, much like federal courts incorporate the applicable state statute of limitations to § 1983 actions, so too do these actions incorporate state tolling rules. *Gunnells v. Goodman*, No. 8:14-1978-MGL, 2016 WL 768845, at *1 (D.S.C. Feb. 29, 2016).  Here, because Plaintiff is required to exhaust his administrative remedies prior to filing a lawsuit pursuant to § 1983, the *Goodman* Court concluded that it is very probable that the Fourth Circuit would likely find that the three year statute of limitations governing § 1983 actions would be tolled during the time period that an inmate-plaintiff was statutorily required to exhaust his or her administrative remedies. *Id.*[3] The tolling time only extends until the date on which the inmate-plaintiff is due a final response, as opposed to when prison officials actually respond to said grievance. *Id.* at *2. The South Carolina Department of Corrections affords 180 days as the maximum period of allotted time for any inmate grievance. *See King v. Ozmint*, No. 0:11-cv-01455-RBH, 2013 WL 4680532, at *5 (D.S.C. Aug. 30, 2013).

Applying these principles to Plaintiff's causes of action against Defendant Seibels, even assuming that the first incident occurred on June 7, 2011, Plaintiff's claim is untimely. He had, at most, three years and 180 days to file this lawsuit because he filed a grievance with SCDC regarding this

---

[3] The Fourth Circuit has not yet spoken on how the state tolling statute works in conjunction with § 1997(e) requiring the exhaustion of administrative remedies of § 1983 claims. However, other circuits have found that the statute of limitations is tolled where an inmate files a grievance within the prison concerning an incident giving rise to a § 1983 claim. *See Flowers v. Phelps,* 514 F. App'x 100, n.1 (3d Cir. 2013); *Gonzalez v. Hasty,* 651 F.3d 318, 324-25 (2d Cir. 2011).

8

incident. Because he filed this lawsuit well after that time frame expired, his claims related to this incident against Defendant Seibels are time-barred. However, because the second incident occurred on March 23, 2013, these claims clearly fall within the applicable three years time limitation.

Plaintiff does not provide a date of the alleged constitutional violation purportedly perpetrated by Defendant Washington in the complaint. However, attached to the complaint is the grievance form filed by Plaintiff related to the alleged anal cavity searches he claims Defendant Washington unconstitutionally performed. That document was signed by Plaintiff on December 19, 2011. Plaintiff may have filed his complaint timely, but at this stage in litigation, this Court cannot say whether the limitations period has run, considering the maximum tolling period of 180 days afforded under the grievance process and the uncertainty of the date of the incident. Plaintiff's complaint may not be necessarily time-barred as it relates to the claims alleged against Defendant Washington.[4] This Court finds that Defendant Washington's motion to dismiss is denied without prejudice, and Defendant Seibel's motion to dismiss in granted in part, and denied in part.

### II. Claims Against Shake Down Team

Defendant Shake Down Team filed its motion to dismiss pursuant to Fed R. Civ. P. 12(b)(4) and (5) because Plaintiff failed to properly identify or serve this Defendant or anyone unnamed that comprised the group involved as part of the "shake down team." The Magistrate Judge recommends dismissal of all claims against this Defendant, finding that Plaintiff failed to identify the Defendant's members and effectuate service of process.

---

[4] Within the R&R, the claims against Defendant Washington were calculated as time-barred. The grievance document was signed on December 19, 2011, but it is still unclear the date of the alleged incident and whether Plaintiff would benefit from the 180 day tolling period. Accordingly, this Court rejects that portion of the R&R recommending dismissal of claims against Defendant Washington based on the running of the limitations period, because of the uncertainty presented by the date of the grievance form.

It does not appear that within the documents Plaintiff filed, he made any objection to the dismissal of this Defendant due to ineffective service of process. The Court's review of the R & R reveals no clear error in its analysis of dismissal of the Shake Down Team based upon ineffective service. *See Diamond*, 416 F.3d at 315 (stating a district court need only review the magistrate judge's R & R for clear error in the absence of specific objections). Although *de novo* review is not required in light of Plaintiff's nonspecific objections, the Court has nonetheless exercised its discretion and conducted a *de novo* review of the R & R. After Plaintiff filed his amended complaint, Plaintiff was afforded the opportunity to bring the case into proper form by adequately identifying members of the Shake Down Team so that the United States Marshals could effectuate service. [ECF #11, ECF #43]. Notwithstanding the explanation to Plaintiff that he must provide and be responsible for giving the United States Marshal adequate information to serve this Defendant, Plaintiff failed to provide any additional identifying information. At the time Plaintiff filed his Complaint, the Federal Rules of Civil Procedure afforded plaintiffs 120 days to effectuate service on defendants. FED R. CIV. P. 4(m). Despite having the opportunity to conduct discovery to otherwise inquire into the members of the Shake Down Team, Plaintiff did not comply with the time limits for discovery within the Magistrate Judge's scheduling order. [ECF #57, p. 1]. Thus, despite the fact that well over a year has passed since Plaintiff filed a lawsuit against the "Shake Down Team," he has yet to name and serve anyone associated with this group. Accordingly, Defendant Shake Down Team's motion to dismiss is granted, and Plaintiff's claims against Defendant Shake Down Team are dismissed without prejudice.

## Conclusion

For the reasons stated above and by the Magistrate Judge, the Court overrules Plaintiff's objections and adopts and incorporates the portion of the Report and Recommendation of the Magistrate

Judge that recommends granting Defendant Seibels' motion to dismiss as to Plaintiff's claims regarding the incident that occurred either on September 22, 2010 or June 7, 2011. [ECF #111] The Court further adopts that portion of the Report and Recommendation of the Magistrate Judge that recommends granting Defendant Shake Down Team's motion to dismiss without prejudice pursuant to Rule 4(m). [ECF #111]. Accordingly, Defendant Washington's motion to dismiss is **DENIED without prejudice to re-assert statute of limitations**. Defendant Seibels' motion to dismiss is **DENIED** in part, and **GRANTED** in part. Defendant Shakedown Team's motion to dismiss is **GRANTED**. Plaintiff's amended complaint [ECF #5-1] is hereby **DISMISSED with prejudice as to the claims brought against Defendant Seibels relating to the September 22, 2010/June 7, 2011 incident, and DISMISSED without prejudice as to his claims against Defendant Shake Down Team.**

    **IT IS SO ORDERED**.

August 29, 2016                              s/ R. Bryan Harwell  
Florence, South Carolina              R. Bryan Harwell  
                                             United States District Judge