UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Curtis L. King, | ) | Civil Action No.: 0:15-2358-RBH-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Official McPherson, *Lee Corr Inst*; Sgt Boatwright, *Lee Corr Inst*; Shake Down Team *at Lee Corr Inst/Turbeville*; Capt. Pack, *Turbeville Corr Inst*; Lt. Shannon, Turbeville Corr. Inst; Officer McElveen, Turbeville Corr Inst; Officer Barnes, *Turbeville Corr Inst*; DHO Brown, *Turbeville Corr Inst*; Lt. Siebel, *Broad River Corr Inst*; Capt. Washington, *Broad River Corr Inst*; Sgt. Carlton Ashe; Sgt. Debra McFadden | ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Curtis L. King, proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 against several individuals alleging civil rights violations, including excessive use of force, cruel and unusual punishment, unlawful search, and a violation of his expectation of privacy. This matter is before the Court on Plaintiff's "Reconsideration" filed on September 15, 2016, which the Court construes as a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e). [ECF #156]. It appears from the body of the motion that Plaintiff asks the Court to reconsider its August 29, 2016 Order adopting the Report & Recommendation and dismissing some of the claims against Defendant Seibel and all claims against Defendant Shakedown Team. [ECF #152]. The crux of Plaintiff's motion is that this Court disregarded his equitable tolling argument. [ECF #156]. Plaintiff

1

also apparently takes issue with the characterization of the facts in this Court's Order. [ECF #156]. Finally, Plaintiff raises issues in his motion that were not addressed or considered in the Court's Order, such as the dismissal of Defendant Sweatt, an objection to not being granted counsel, and objecting to the denial of an order to produce certain records. [ECF #156]. Defendants filed a response to this motion on October 3, 2016. [ECF #159]. Thereafter, Plaintiff also filed his Amended Motion for Reconsideration on January 13, 2017. [ECF #166]. In his amended motion, he again appears to argue that he requested documents so that he could identify members of the Shake Down team, an issue he previously raised in another motion, which was denied. [ECF #90; ECF #116].

A motion made under Rule 59 of the Federal Rules of Civil Procedure is an extraordinary remedy and should not be taken lightly. *See Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citing 11 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE, § 2810.1 at 124 (2d ed. 1995)). The Fourth Circuit has held that such a motion should be granted for one of three reasons: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice. *Collison v. Int'l Chemical Workers Union*, 34 F.3d 233, 236 (4th Cir. 1994). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Nor may Rule 59(e) motions be used to argue a novel legal theory that the party had the ability to address in the first instance. *Pacific Ins. Co.*, 148 F.3d at 403.

Plaintiff does not point to a change in the controlling law, new evidence, or a clear error of law in support of his motion. Further, Plaintiff's allegations regarding equitable tolling were previously considered by this Court. Plaintiff's objections to the statements in the background portion of the Order, even if true, would not alter the Court's analysis. Finally, Plaintiff's other objections regarding

document production, appointment of counsel, and objection to a trial not being granted have also been previously considered in previous motions he filed in this case.[1]  Plaintiff fails to set forth an adequate basis for the requested relief, and the Court declines to reconsider its Order.  Therefore, Plaintiff's Motion for Reconsideration [ECF # 156] and his Amended Motion for Reconsideration [ECF #166] are **DENIED.**

    **IT IS SO ORDERED**.

January 23, 2017                                            s/ R. Bryan Harwell
Florence, South Carolina                    R. Bryan Harwell
                                                              United States District Judge

---

[1] Plaintiff previously raised these issues in prior filings with this Court, either by motion or in his amended pleadings. [ECF #5; #7; #36; #90]. These issues were all considered and denied in previous orders filed by this Court.  These issues are unrelated to the matters being considered by this Court in the Order Plaintiff now seeks to have this Court reconsider.