UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Curtis L. King, | ) | Civil Action No.: 0:15-cv-2358-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Official McPherson, *Lee Corr Inst*; Sgt | ) | |
| Boatwright, *Lee Corr Inst*; Capt. Pack, | ) | |
| *Turbeville Corr Inst*; Lt. Shannon, | ) | |
| *Turbeville Corr Inst*; Officer McElveen, | ) | |
| *Turbeville Corr Inst*; Officer Barnes, | ) | |
| *Turbeville Corr Inst;* Lt. Siebel,*Broad River* | ) | |
| *Corr Inst*; Capt. Washington, *Broad River* | ) | |
| *Corr Inst*; Sgt. Carlton Ashe; | ) | |
| Sgt. Debra McFadden, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Curtis L. King, proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983

against several individuals alleging civil rights violations, including excessive use of force, cruel and

unusual punishment, unlawful search, and a violation of his expectation of privacy. This matter is

before the Court on Defendants' Motion for Summary Judgment filed May 19, 2016. [ECF #133]

Plaintiff filed a response in opposition to this Motion on June 9, 2016. [ECF #137]. Subsequently, he

filed a supplement to this response on June 20, 2016. [ECF #138]. That same day, Defendants filed

their reply. [ECF #140]. On July 8, 2016, Plaintiff filed a sur reply, which the Defendants requested

be stricken from the record. [ECF #143; ECF #144]. On August 12, 2016, Magistrate Judge Paige J.

Gossett issued her Report and Recommendation. [ECF #149]. These motions were referred to the

Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e). The Magistrate

1

Judge recommended that this Court grant the motion in its entirety. The Magistrate Judge also granted Defendants' Motion to Strike the sur reply. [ECF #149].

On August 22, 2016, Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation ("R&R"). [ECF #151]. On September 6, 2016, Defendants filed a reply to these objections. [ECF #154]. Plaintiff then filed a sur reply [ECF #157], which the Defendants against requested be stricken from the record. [ECF #158]. Plaintiff has also filed a Motion to Compel Trial [ECF #163], and the Defendants have filed a response in opposition. [ECF #164]. Furthermore, in a previous Order dated August 29, 2016, Defendant "Shake Down Team" was dismissed from this lawsuit, and some of the claims against Defendant Siebel were dismissed from this lawsuit. [ECF #152].

Defendants' Motion to Strike [ECF #158] is denied. This Court acknowledges that Rule 72(b)(2) of the Federal Rules of Civil Procedure permits a party to file objections to any findings and recommendations to a Magistrate Judge's R&R, and the opposing party to file a response to those objections, the Rule does not contemplate an additional reply or sur-reply. Sur-replies may be allowed when a party requests leave of court seeking the ability to file such a reply. *Todd v. Warden, Livesay Correctional Inst.*, No. 1:14-cv-00221-TLW, 2015 WL 424573, at *12, n. 2 (D.S.C. Feb. 2, 2015). Here, Plaintiff a pro-se prisoner, did not seek leave of court to file a sur-reply. However, this Court in its discretion reviewed Plaintiff's sur reply. Upon review, this Court finds that Plaintiff raises arguments which are duplicative of his original objections or otherwise without merit. In reviewing Plaintiff's numerous filings in this case, this Court also notes that it will address those claims or objections which are cognizable or intelligible. Many of the objections raised by Plaintiff were indecipherable, or otherwise incoherent. This Court now turns to its analysis of the remaining Defendants and remaining allegations which are now before this Court for review.

2

**Background**

The factual and procedural background are adequately set forth in the R&R. [ECF #149].

Plaintiff's allegations are numerous, occur over a four year period of time and involve employees

working in three separate correctional facilities, including Broad River Correctional Institution

("BRCI"), Turbeville Correctional Institution ("TCI"), and Lee Correctional Institution ("LCI").

Briefly stated, Plaintiff alleges Lt. Seibels[1], Sgt. Boatwright and Capt. Pack used excessive force in

violation of the Eighth Amendment by spraying Plaintiff with chemical munitions on March 25, 2013.

[ECF #5-1, p. 5].[2] He further alleges Sgt. McFadden violated his constitutional rights by entering his

cell unannounced and invading his privacy, resulting in Plaintiff's exhibitionism charge. [ECF #5-1,

p. 4].

Plaintiff's Amended Complaint includes allegations that Officer McElveen, Capt. Pack, and

Officer Barnes denied him access to food for refusing to wear a pink jumpsuit. [ECF #5-1, p. 7].

Plaintiff further alleges Official McPherson did not provide him a winter jacket "fit for cold weather"

in violation of the Eighth Amendment. [ECF #5-1, p. 7]. Plaintiff further alleges Capt. Washington

violated his constitutional rights by subjecting him to repetitive anal cavity searches. [ECF #5-1, p. 8].

Plaintiff raised other claims against these and other defendants in his initial filings, however several

Defendants and/or claims were summarily dismissed by Order dated December 30, 2015 [ECF #54] and

by Order dated August 29, 2016 [ECF #152].

---

[1] Defendant Siebels is also referred to in pleadings as "Defendant Siebel." In his Affidavit, the spelling of his name is "Siebels." Accordingly, that is the way in which this Court will refer to Defendant Siebels.

[2] Plaintiff also attached the Incident Report for the March 25, 2013 incident where it appears Lt. Shannon and Sgt. Carlton Ashe were also involved in this incident. [ECF #5-1, p. 13]. Plaintiff has named these two individuals as defendants, as well.

**Standard of Review**

**A. Review of the Magistrate Judge's Report & Recommendation**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

**B. Summary Judgment Standard**

The remaining Defendants in this case have moved for summary judgment pursuant to Rule 56. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do

not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).  When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991).  The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.*  However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Defendants move for summary judgment and seek dismissal of Plaintiff's § 1983 action arguing Plaintiff is unable to satisfy the legal standard for the requested relief.  Defendants argue they are entitled to summary judgment for the following reasons: (1) Plaintiff failed to exhaust his administrative remedies; (2) Defendants are entitled to the defense of Eleventh Amendment immunity; (3) Plaintiff's excessive use of force claims do not rise to the standard of constitutional violations; (4) Plaintiff's conditions of confinement claim do not rise to the standard of constitutional violations; (5) Plaintiff does not state a valid claim for unlawful search under the Fourth Amendment; (6) Defendants are protected by qualified immunity; and (7) Plaintiff's claims are barred by the applicable statute of limitations.

## Discussion

### I. Exhaustion of Administrative Remedies

Defendants argue that Plaintiff's claims should be dismissed because he failed to exhaust all administrative remedies prior to filing suit pursuant to § 1983.  In response, Plaintiff argues that he is not required to appeal to the Administrative Law Court, therefore, his claims cannot be dismissed on

this ground.  The Magistrate Judge recommends dismissal of all claims because she found that pursuant to the Prison Litigation Reform Act (the "PLRA"), Plaintiff did not exhaust all administrative remedies. In his objections, Plaintiff discusses the SCDC policies at issue, but he does not appear to raise objections as to the Magistrate Judge's finding that Plaintiff did not exhaust his administrative remedies. In a supplemental response, Plaintiff appears to argue that the inmate disciplinary policy claim is unclear due to background. [ECF #157]. .  In the absence of specific objections to the R & R, the Court reviews only for clear error,  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).  Nonetheless, this Court will conduct a de novo review.

Pursuant to the PLRA, a prisoner confined in any jail, prison, or other correctional facility may not bring an action with respect to prison conditions under § 1983 until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997(e)(a).  In order to meet this requirement, a prisoner must avail himself of every level of available administrative review.  *Booth v. Churner*, 532 U.S. 731, 740-41 (2001). For example, in *Booth*, the plaintiff filed an administrative grievance , but he never went beyond the first step with respect to the claims he later asserted in the district court. *Id.* at 735.  In affirming the lower court's dismissal of the plaintiff's claims due to his failure to exhaust administrative remedies, the *Booth* Court also concluded that exhaustion is required, regardless of the relief offered through the administrative procedures. *Id.* at 741.  As pointed out by the Magistrate Judge, the South Carolina Department of Corrections ("SCDC") policy dictates that an inmate must first attempt to informally resolve complaints regarding prison conditions.  An inmate may then filed a "Step 1 Grievance."  If that grievance is denied, the inmate may appeal to a facility's warden by what is known

as a "Step 2 Grievance."  Defendants argued that Plaintiff did not appeal his grievances to the South

Carolina Administrative Law Court, a state executive-branch tribunal which is generally included as

a part of the available administrative remedies an inmate must first exhaust prior to filing suit, with few

exceptions.

Here, the record reflects that Plaintiff filed Step 1 and Step 2 Grievances for each claim, but he

did not appeal the findings of the Step 2 Grievances to the Administrative Law Court (the "ALC").

Nonetheless, the Court finds Plaintiff's claims were properly exhausted. *See, e.g., Pozo v. McCaughtry*,

286 F.3d 1022, 1024 (7th Cir. 2002) (explaining that exhaustion under § 1997e(a) is administrative

only; a prisoner who uses all administrative options that the state offers need not also pursue judicial

review in state court), *cert. denied*, 537 U.S. 949, 123 S.Ct. 414, 154 L.Ed.2d 293 (2002); *see also*

*Johnson v. Ozmint*, 567 F.Supp.2d 806, 820, n. 5 (D.S.C. 2008); *Duncan v. Langestein*, No. 07–268,

2008 WL 153975 at * 5 (D.S.C. Jan.14, 2008) (citing *Charles v. Ozmint*, No. 05–2187, 2006 WL

1341267 at * 4 n. 4 (D.S.C. May 15, 2006) (recognizing that completion of prison grievance procedure

exhausts administrative remedies and that § 1997(a) does not require inmates to further appeal to

Administrative Law Court.)); *Ayre v. Currie*, No. 05–3410, 2007 WL 3232177 at * 7 n. 5 (D.S.C.

Oct.31, 2007); *Lowry v. Davis*, No. 06–509, 2006 WL 3759828 at * 2 (D.S.C. Dec.18, 2006) ("It is not

necessary for the inmate to file an appeal with the state ALJ Division for matters pertaining to prisoner's

conditions of confinement.").  Thus, it is not necessary for Plaintiff to proceed to the state judicial

system to have exhausted his administrative remedies.

### II. Claims Against Individuals in Official Capacity

Defendants argue that Plaintiff's claims against these Defendants must be dismissed because

Defendants are protected by Eleventh Amendment immunity.  The Magistrate Court determined that,

to the extent these Defendants are being sued in their official capacity for monetary relief, the Defendants are entitled to summary judgment. Plaintiff's original Complaint is captioned as including "individual and official capacity." [ECF #1]. Plaintiff does not raise any objections to this finding; thus, this Court is not required to conduct a de novo review of the Magistrate Judge's findings. However, this Court in its discretion has decided to conduct a de novo review of Defendants' argument for summary judgment based on Eleventh Amendment immunity.

Pursuant to the Eleventh Amendment,, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment bards individuals from bringing suits in federal courts for money damages against an "unconsenting State." *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996). Thus, the Magistrate Judge concluded, to the extent Defendants have been sued in their "official capacity," i.e. against the state itself, the claims must be dismissed. *Will v. Mich. Dept of State Police*, 491 U.S. 58 (1989). This Court agrees with the Magistrate Judge that the Eleventh Amendment bars all claims brought against Defendants in their "official" capacity, based on the allegations made by Plaintiff against these Defendants, all of whom were employees of correctional facilities during the incidents in question. With respect to claims brought against Defendants individually, these will be discussed in turn below.

### III. Eighth Amendment-Excessive Use of Force Claims

Defendants argue that summary judgment is appropriate on the following excessive use of force claims filed by Plaintiff: (1) the alleged misuse of chemical munitions by Defendants Seibels, Boatwright, Pack, Ashe and Shannon on March 25, 2013 at TCI; and (2) the alleged misuse of chemical munitions by Defendants Boatwright on April 23, 2014 at LCI.

With respect to the March 2013 incident, Defendants Seibel and Boatwright both provided affidavit testimony stating that they were not employed at TCI on the date of this incident. [ECF #133-7, #133-9].[3] Defendants also took Plaintiff's deposition wherein he conceded that these two Defendants were not employed at TCI on this date. [ECF #133-3]. Instead, based upon a review of the Complaint and the incident reports, it appears the individuals involved in the March 2013 incident are Defendants Pack, Shannon and Ashe. Furthermore, Plaintiff conceded at his deposition that Defendant Pack was the only individual who deployed chemical munitions. [ECF #133-3]. Defendants Pack, Shannon and Ashe provided affidavit stating that they approached Plaintiff's cell and directed him to wear a pink jumpsuit as a result of a prior administrative action. [ECF #133-4; #133-10; #133-12]. Once Plaintiff refused, Defendant Pack directed Plaintiff to comply several times. Upon refusal to comply, Defendant Pack administered a short burst of chemical munitions. [ECF #133-12]. Plaintiff alleges this constitutes excessive use of force. The Magistrate Judge found that because Defendants Seibels and Boatwright were not employed at TCI on that date, she recommended dismissal of these claims. In his objections, Plaintiff does not appear to dispute this fact. Accordingly, this Court agrees with the Magistrate Judge that it is proper to dismiss the claims related to the March 23, 2013 chemical munitions incident against Defendants Seibel and Boatwright. With respect to this claim against the other three Defendants alleged to be involved in this incident (Defendants Pack, Shannon and Ashe), the Magistrate Judge determined that even in viewing the facts most favorable to Plaintiff, no reasonable jury could find that the amount of force used was unconstitutionally excessive. [ECF #149, p. 11]. Plaintiff continues to assert in his objections, as he has in his other pleadings, that the use of chemical munitions was in bad faith,

---

[3] The alleged Eighth Amendment violations by Defendant Siebels for the September 2010/June 2011 incident were previously dismissed. [ECF #152].

9

excessive, and in violation of policy, citing to *Bailey v. Turner*, 736 F.2d 963 (4th Cir. 1984) as support for this objection.

With respect to the April 2014 incident, Plaintiff testified that his cellmate covered the window to their cell, resulting in cell restrictions. [ECF #133-3, p. 12]. Defendant Boatwright contends that Plaintiff was found out of his cell and refused to comply with orders to return to his cell once he got near the door of his cell. [ECF #133-9]. At that point, Plaintiff was sprayed with chemical munitions. [ECF #133-9]. Defendant Boatwright testified he again administered a short burst of chemical munitions once Plaintiff refused another order to get on the ground. [ECF #133-9]. For his part, Plaintiff admits that he did not follow directives, but alleges he did not follow said directives because they were not proper in that he had received permission from the warden to be outside his cell. [ECF #133-3]. The Magistrate Judge recommended this Court grant summary judgment in favor of Defendant Boatwright regarding the alleged use of chemical munitions on this date while Plaintiff was housed at LCI. Plaintiff objects to dismissal of this claim because he alleges the testimony and his deposition are incomplete for review, his declaration is excluded from the record, and that he does not have a transcript of his disciplinary hearing. [ECF #151, p. 4]. Plaintiff does not provide clarity as to what this information would provide, if anything. Generally, it appears Plaintiff objects to the dismissal of the claims because he was in "surrender mode" at the time of the incident and that it was an "unlawful order." [ECF #151, pp. 4-5]. Plaintiff does state that he took off his glasses to "imitate being aggressive toward Defendant Boatwright." [ECF #157, p. 2].

The Eighth Amendment prohibits infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. In order to make out a prima facie Eighth Amendment claim, a plaintiff must show: (1) objectively, the deprivation was sufficiently serious; and (2) subjectively, the prison officials acted with

a "sufficiently culpable state of mind." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). In evaluating the subjective aspect of the analysis, courts must decide whether a defendant showed "wantonness in the infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 322 (1986). With respect to an allegation of excessive use of force, the factors to consider are: (1) the necessity for the application of force; (2) the relationship between the need for force and the amount of force used; (3) the extent of the injury actually inflicted; (4) the extent of the threat to the safety of the staff and prisoners; as reasonably perceived by the responsible officials on the basis of the facts known to them; and (5) the efforts taken by the officials, if any, to temper the severity of the force applied. *Id.* at 321. The main focus of the inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or instead, to maliciously and sadistically cause harm. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). With respect to the specific use of chemical munitions, the Fourth Circuit has stated that so long as the quantity of chemicals used is commensurate with the gravity of the occasion, its use does not violate the Constitution. *Bailey v. Turner*, 736 F.2d 963, 969 (4th Cir. 1984).

This Court does not find that Defendant Pack's use of chemical munitions was constitutionally excessive given the circumstances of the incident. First, the case law cited by Plaintiff does not support his argument. The Fourth Circuit in *Bailey v. Turner*, 736 F.2d 963 (4th Cir. 1984), explicitly stated there was no per se prohibition against the use of tear gas against a prison inmate in his cell. Second, Plaintiff acknowledges that he refused to obey the order to wear the pink jumpsuit. In reviewing the affidavit testimony and factual evidence provided in this case and applying those facts under *Whitley*, Plaintiff's refusal to obey orders was a threat to the safety and order of the institution and its employees. Plaintiff was able to decontaminate after he was sprayed with munitions. Furthermore, the evidence reveals that the relatively small amount of chemicals discharged in this case is comparable to other

11

instances where the use of chemical munitions in similar quantities was justified to maintain order. *See generally Kemp v. Drago*, No. 1:12-1481-JFA-SVH, 2013 WL 4874972, at *7 (D.S.C. Sept. 11, 2013); *Robinson v S.C. Dep't of Corr.*, No. 5:10-2593-HMH-KDW, 2012 WL 851042, at *7 (D.S.C. Mar 23, 2012); *Plummer v. Goodwin*, No. 8:07-2741-TLW-BHH, 2010 WL 419927, at *7, n.4 (D.S.C. Jan. 29, 2010). Accordingly, after applying the relevant factors, this Court does not find that Defendant Pack acted in violation of the Plaintiff's Eighth Amendment rights. For the same reasons, this Court does not find that Defendants Shannon and Ashe, who appear to have both been present, violated Plaintiff's Eighth Amendment rights. Accordingly, this Court grants summary judgment to Defendants as to these claims against these Defendants for the March 2013 incident.

This Court also agrees with the Magistrate Judge that summary judgment should be granted to Defendant Boatwright regarding the April 23, 2014 incident. Defendant Boatwright testified that Plaintiff refused to comply with an order to return to his cell, and Plaintiff admits those allegations though he states that he believes the order to return to his cell was improper. Reviewing the facts before this Court under the *Whitley* factors, it is clear that Plaintiff refused to obey an order, and that Defendant Boatwright was justified to administer the chemical spray in order to restore order and discipline. Furthermore based on Plaintiff's statement in his pleading that he took off his glasses to imitate being aggressive [ECF #157, p. 2], it appears that Defendant reasonably perceived a need for force in order to keep staff and other prisoners safe. Plaintiff has not provided any evidence or facts to refute Defendant Boatwright's testimony or otherwise show that Defendant acted with wantonness in the infliction of pain. Accordingly, this Court agrees with the Magistrate Judge that summary judgment should be granted to Defendant Boatwright as to the claims for excessive use of force in violation of the Eighth Amendment against Defendant Boatwright.

12

### IV. Eighth Amendment-Conditions of Confinement Claims

Defendants argue that Plaintiff's allegations regarding unconstitutional conditions of confinement are subject to summary judgment in their favor because there is no genuine issue of material fact upon which these allegations are based.  Plaintiff alleges that Defendant McPherson violated his rights by issuing him a jacket that did not contain pockets or a hood and was not fit for cold weather. [ECF #5-1, pp. 6-7].  In response, Defendant McPherson has provided testimony that after losing one jacket, Plaintiff was issued a new jacket, the current jacket in the SCDC inventory at that time. [ECF #133-5].  While Plaintiff requested the same type jacket as the one he had lost, that jacket style had been discontinued by the SCDC. [ECF #133-5].  Defendant McPherson also pointed out in her affidavit that items such as thermal underwear and toboggan hats can be purchased from the canteen. [ECF #133-5].  The Magistrate Judge recommends granting summary judgment in favor of Plaintiff's Eighth Amendment conditions of confinement claim against Defendant McPherson.  In his objections, Plaintiff argues that he should be allowed to take a picture of the jacket, that the jacket does not provide warmth and is unsuitable, and that because he had to venture outside his living area, this exposure subjected him to substantial pain. [ECF #151].  Plaintiff does not otherwise provide any proof of injury or otherwise refute Defendant McPherson's allegations.

As to Defendants Barnes, McElveen and Pack, Plaintiff alleges that his constitutional rights were violated when these Defendants allegedly denied him food after Plaintiff refused to wear a pink jumpsuit, which was a requirement after the result of a disciplinary conviction in March of 2013.  The crux of Plaintiff's argument is that, because he refused to wear a pink jumpsuit, these Defendants should have placed him in security detention, which would require him to have his food delivered to his cell pursuant to SCDC policy, OP-22-14.  This policy provides that, "[i]f inmate continues to refuse [to wear

pink jumpsuit] s/he will be subject to being placed in security detention." [ECF#1-1, p. 37; ECF #133-1, p. 25].   Plaintiff does not otherwise deny that he refused to wear the pink jumpsuit.  Defendants have testified that Plaintiff refused to eat and refused to go to the cafeteria in protest against having to wear a pink jumpsuit. [ECF #133-11; ECF #133-12; ECF #133-13].   Further Defendants point out that the policy referenced by Plaintiff is discretionary, and that Plaintiff's refusal to wear the pink jumpsuit to the cafeteria resulted in a voluntary decision to skip meals rather than the deliberate withholding of food by Defendants.  The Magistrate Judge recommends granting summary judgment as to the claim against these Defendants, as well.  In his objections, Plaintiff continues to assert that the deprivation of meals is a serious deprivation, which causes pain without penological justification, and that Defendants were redefining the policy.

The treatment prisoners receive in prison and the conditions under which prisoners are confined are subject to scrutiny under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In order to state a valid claim that conditions of confinement violate constitutional requirements, a plaintiff must show "both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993).  Furthermore, a plaintiff making such a claim must demonstrate that he suffered a serious or significant physical or mental injury as a result of the alleged condition or demonstrate a substantial risk of such serious harm resulting from exposure to the condition. *Strickler*, 989 F.2d at 1380-81.  While providing warmth could be considered a basic human need, Plaintiff has failed to show that he was deprived of such need by Defendants.  Defendant McPherson provided him the standard jacket available through SCDC.  To the extent he wanted additional comfort, he had access via purchase through the canteen to additional warm items of clothing.  Plaintiff does not provide any facts to suggest

14

Defendant McPherson, in issuing him a jacket, albeit one he felt did not provide enough warmth, acted with deliberate indifference toward prison conditions. Finally, Plaintiff does not provide any evidence or otherwise suggest that he suffered a significant physical or mental injury as a result of the jacket he was issued. To be sure, Plaintiff continues to assert the jacket was unsuitable and that it caused him to shiver, but he does not otherwise provide any evidence suggesting he suffered any sort of injury as a result of being issued a jacket he felt did not provide enough warmth. Accordingly, this Court agrees with the Magistrate Judge that Defendant McPherson is entitled to summary judgment as to Plaintiff's claims that she violated his Eighth Amendment constitutional rights.

As to Plaintiff's claim that Defendants McElveen, Pack and Barnes deliberately withheld food,, this Court acknowledges that allegations that prisoners are provided inadequate food for human nutritional needs may be sufficient to state a cognizable constitutional claim, provided that the deprivation is serious and the defendants were deliberately indifferent to that need. *King v. Lewis*, 358 F. App'x 459, 460 (4th Cir. 2009). Courts will consider the length of time and the amount of food deprived in considering whether inmate's constitutional rights have been violated. *Lockamy v. Rodriguez*, 402 F. App'x 950, 951 (5th Cir. 2010). In considering Plaintiff's claim, this Court first points out that Plaintiff chose not to obey the order to wear the jumpsuit and eat meals in the cafeteria. In other words, Plaintiff attempts to rely upon a discretionary policy that he mistakenly believes required him to be on cell confinement in order to circumvent the punishment he received from a disciplinary conviction. Plaintiff has wholly failed to demonstrate that he suffered a serious or significant mental injury, or that he was subject to a substantial risk of serious harm as a result of the fact that Defendants did not bring him his food to his cell, particularly given the fact that he was able to eat meals in the cafeteria, provided he wear a pink jumpsuit. Plaintiff does not refute that he could have eaten his meals

15

in the cafeteria had he worn the pink jumpsuit.  Further, Plaintiff does not refute Defendants' testimony that Plaintiff misconstrued or misinterpreted the language of SCDC Policy OP-22-14, other than to argues Defendants were "redefining" the policy.  Plaintiff does not provide any evidence of an extreme deprivation, nor does he provide any evidence that the policy was somehow only enforced in the alleged "redefined" way against solely him.  Accordingly, this Court agrees with the Magistrate Judge that Defendants McElveen, Pack, and Barnes are entitled to summary judgment as to these claims.

### V. Fourth Amendment-Unlawful Search Claims

Defendants argue that Plaintiff's allegations related to an unlawful search are subject to summary judgment in their favor because there is no genuine issue of material fact that Defendants did not violate his constitutional rights.  Plaintiff brings a Fourth Amendment violation allegation against Defendant Washington because he alleges Defendant Washington subjected him to repeated visual anal cavity searches and against Defendant McFadden for coming into his cell unannounced while he was masturbating. [ECF #5-1].  The Magistrate Judge recommends dismissal of these claims because Plaintiff has failed to present evidence from which a reasonable jury could find that his Fourth Amendment rights were violated.  In his objections, it appears that Plaintiff objects to dismissing the claims against Defendant Washington regarding the visual anal cavity search because he says weapons were never found on him, nor had he left the institution or went on a visit, such that would justify a search. With respect to the claims against Defendant McFadden, he objects to the finding that he did not have an expectation of privacy in his cell because it was dark and the door was closed. [ECF #151, p. 6].

The Fourth Amendment protects individuals against unreasonable search and seizures.  Body cavity searches do not violate the Fourth Amendment if they are reasonable and not motivated by

16

punitive intent. *Bushee v. Angelone*, 7 Fed. App. 182, 184 (4th Cir. 2001) (citing *Bell v. Wolfish*, 441 U.S. 520, 545-46 (1979)).  Here, Plaintiff does not argue, nor is there any evidence that the Defendant's search was motivated by an intent to punish Plaintiff.  Therefore, this Court focuses on whether the search was reasonable.  A search is unreasonable when it infringes upon the expectation of privacy that society considers reasonable.  *United States v. Castellanos*, 716 F.2d 828, 832 (4th Cir. 2013).  Courts gauge the reasonableness of a search by balancing the need for the search against the invasion of the individual's personal rights. *Angelone*, 7 Fed. App'x at 184.  The factors to consider include the scope of the intrusion, the manner in which the search was conducted, the justification for the search, and the place in which it was conducted. *Id.*

In his affidavit, Defendant Washington provides that his job, along with SCDC policy, required him to conduct inmate strip searches as a safety precaution and to check for hidden contraband. [ECF #133-8].  These strip searches are often performed when there is suspicion of contraband such as when an inmate visits with someone outside of the institution, after being transported out of the institution for any reason, and when an inmate is placed in a holding cell prior to speaking with a shift supervisor as a means of ensuring the inmate does not have contraband prior to the interaction. [ECF #133-8]. In order words, the strip searches are necessary to preserve order and discipline, as well as to maintain a safe institution.  Defendant Washington also explained that the actual strip search, requiring an inmate to bend over, spread his buttocks and cough, is different from a body cavity search, which may only be performed my medical personnel. [ECF #133-8].  In response, Plaintiff provides no evidence from which a reasonable jury could find that any strip search that was conducted was not reasonable in light of the fact that they are performed as a safety precaution with a fairly limited scope.  Furthermore, Plaintiff does not otherwise allege that other individuals were present for the search.  Accordingly, this

17

Court agrees with the Magistrate Judge that Defendant Washington is entitled to summary judgment as to this claim.

This Court also agrees with the Magistrate Judge that Plaintiff's Fourth Amendment claim against Defendant McFadden also fails because he does not present any evidence from which a jury could find his constitutional rights were violated.  Contrary to Plaintiff's assertion that he has a reasonable expectation of privacy in his prison cell, the Supreme Court has found the opposite and accordingly, the Fourth Amendment's prohibition on unreasonable searches does not apply in that context. *Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984).  Defendant McFadden states that she was performing roll call count and securing doors, duties that were a parties of her job description. [ECF #133-6, p. 1].  Furthermore, she states that roll call occurs always occurs at the same time [ECF #133-6, p. 2], thus Plaintiff knew Defendant would be inspecting his cell at that time.  In fact, the *Hudson* Court stated, "[t]he recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions." *Id.* at 526.  Accordingly, Defendant McPherson is entitled to summary judgment as to these claims.

**VI. Statute of Limitations**

Defendants also argue that the statute of limitations bars some or all of the remaining claims against these Defendants. The Magistrate Judge did not consider the defense of statute of limtiations. Plaintiff, in his objections makes a passing reference to the statute of limitations being a "claim raised" by the Defendants at the beginning of the proceedings.  Defendants argue that, pursuant to 42 U.S.C. § 1983, federal courts adopts the forum state's statute of limitations for personal injury claims.  Thus, any claims which arose more than three (3) years prior to the date of filing of this Complaint would be subject to dismissal due to the statute of limitations.  Here, Defendants Seibels and Washington filed

a Motion to Dismiss based on the statute of limitations. [ECF # 74]. This Court considered those arguments in its Order dated August 29, 2016. [ECF #152]. With respect to Defendant Seibel, this Court found that the June 7, 2011 incident was barred as untimely, but found that the March 23, 2013 incident clearly fell within the applicable time period. That incident was previously discussed above in this Order. With respect to Defendant Washington, this Court denied his Motion to Dismiss because of the uncertainty of the date upon which the alleged constitutional violation occurred. The pleadings and testimony filed as evidence with this Motion do not otherwise clarify the date of the occurrence. The Court thus considered the merits of Plaintiff's allegations against Defendant Washington and granted summary judgment for Defendant Washington in this Order.

### VII. Plaintiff's Motion to Compel Trial & Appoint Counsel

Finally, Plaintiff filed a document on or about December 5, 2016 styled as a motion to "Compel Trial & Appoint Counsel." [ECF #163]. This Court notes initially that the body of the motion serves as an argument to compel potential discovery documents from the Defendants. Further, Rule 40 of the Federal Rules of Civil Procedure empowers the courts with the task of scheduling trials. Petitioner has already demanded a trial by jury. With respect to the request for appointment of counsel, there is no automatic right to appointment of counsel in §1983 cases. *Whisenant v. Yaum*, 739 F.2d 160, 163 (4th Cir. 1984). Additionally, because this Court is granting summary judgment as to all claims in favor of Defendants, the Court denies this motion as moot.

### Conclusion

For the reasons stated above and by the Magistrate Judge, the Court overrules Plaintiff's objections and adopts and incorporates the Report and Recommendation of the Magistrate Judge [ECF #149] that recommends granting Defendants' Motion for Summary Judgment. [ECF #133].

Accordingly, Defendants' Motion for Summary Judgment [ECF #133] is GRANTED.  Plaintiff's Motion to Compel Trial & Appoint Counsel is **DENIED**. [ECF #163].  As previously discussed, Defendant's Motion to Strike is **DENIED**. [ECF #158].  Plaintiff's complaint [ECF #1] and amended complaint [ECF #5-1] is hereby **DISMISSED with prejudice** as to all remaining Defendants.

**IT IS SO ORDERED**.

February 6, 2017                                   s/ R. Bryan Harwell_____
Florence, South Carolina                           R. Bryan Harwell
                                                   United States District Judge

20